# EXHIBIT A



# MIAMI-DADE COUNTY CLERK OF THE COURTS
## HARVEY RUVIN

Contact Us　　My Account　

---

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀◀ BACK

### JUAN CARLOS DIAZ VS RECEIVABLE MANAGEMENT GROUP, INC.

| | | | |
|---|---|---|---|
| Local Case Number: | 2021-009469-SP-05 | Filing Date: | 04/02/2021 |
| State Case Number: | 132021SC009469000005 | Judicial Section: | CC02 |
| Consolidated Case No.: | N/A | Case Type: | SP Other Negligence (Up to $5,000) |
| Case Status: | OPEN | | |

👥 **Parties**　　　　Total Of Parties: 2　➕

🔧 **Hearing Details**　　　　Total Of Hearings: 1　➕

📶 **Dockets**　　　　Total Of Dockets: 10　➖

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | | 06/14/2021 | | Small Claims Pre-Trial Conference | Hearing | |
| 📄 | 8 | 05/26/2021 | | Service Returned | Event | Parties: Receivable Management Group Inc. |
| | 7 | 04/29/2021 | | Receipt: | Event | **RECEIPT#:2210060 AMT PAID:$10.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 2139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:CHECK TENDER AMT:$10.00 RECEIPT DATE:04/29/2021 REGISTER#:221 CASHIER:FERGUS** |
| | | 04/28/2021 | | SP Pre Trial Summons Issued | Service | |
| 📄 | 6 | 04/28/2021 | | Pre Trial Summons | Event | Parties: Receivable Management Group Inc. |
| | 5 | 04/03/2021 | | Receipt: | Event | **RECEIPT#:2620163 AMT PAID:$175.00 NAME:PATTI, THOMAS J, ESQ 110 SE 6TH ST STE 1700 FORT LAUDERDALE FL 33301-5047 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 2100-COUNTY FILING FEE 1 $175.00 $175.00 TENDER TYPE:E-FILING ACH TENDER AMT:$175.00 RECEIPT DATE:04/03/2021 REGISTER#:262 CASHIER:EFILINGUSER** |
| 📄 | 4 | 04/02/2021 | | Notice of Interrogatory | Event | |
| 📄 | 3 | 04/02/2021 | | Request for Production | Event | |
| 📄 | 2 | 04/02/2021 | | Statement of Claim | Event | |
| 📄 | 1 | 04/02/2021 | | Civil Cover Sheet - Claim | Event | |

| Number | Date | Book/Page | Amount Docket Entry | Event Type | Comments |
|--------|------|-----------|---------------------|------------|----------|

◀◀ BACK

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer

## General

Online Case Home

Civil / Family Courts Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us



### HARVEY RUVIN

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2021 Clerk of the Courts. All rights reserved.





IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | NOTICE TO APPEAR FOR PRETRIAL CONFERENCE (File in Quadruplicate) | CASE NUMBER |
|---|---|---|
| ☒ CIVIL ☐ OTHER | | 2021-009469-SP-05 |
| | | SP05 SECTION NO.  02 |

| PLAINTIFF(S) Juan Carlos Diaz | VS.   DEFENDANT(S) Receivable Management Group, Inc. | SERVICE S-20-2024 440pm AR443 |
|---|---|---|

**DEFENDANT(S) TO BE SERVED AT:**

Receivable Management Group, Inc.

18142 27TH ST

MIRAMAR, FL 33029

CLOCK IN

**STATE OF FLORIDA**

**NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)**

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at:

73 West Flagler St., Miami, Florida, Sixth Floor, Courtroom 6-4 on _____ June 14 , 20 21 .

at 130p . M., for pretrial conference before a Judge of this Court. Section # _____ 02 _____ .

**"For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."**

**IMPORTANT-READ CAREFULLY**

**THE CASE WILL NOT BE TRIED AT THAT TIME.**

**DO NOT BRING WITNESSES — APPEAR IN PERSON OR BY ATTORNEY**

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by an officer of the corporation. Written authorization must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

**IMPORTANT – SEE REVERSE**

CLK/CT. 389 Rev.04/15



S-3857294 - JJL PROCESS
RECEIVABLE MANAGEMEN

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in the imposition of costs and attorney fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE: The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following:**

1. **Where the contract was entered into.**

2. **If the suit is on an unsecured promissory note, where the note is signed or where the maker resides.**

3. **If the suit is to recover property or to foreclosure a lien, where the property is located.**

4. **Where the event giving rise to the suit occurred.**

5. **Where any one or more of the defendants sued reside.**

6. **Any location agreed to in a contract.**

7. **In any action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff's(s') attorney, if any.

A copy of the statement of claim shall be served with this summons.

| | | DATE |
|---|---|---|
| **HARVEY RUVIN**<br>**CLERK OF THE COURTS** | BY:_____<br>DEPUTY CLERK 325973 | APR 2 6 2021 |

| COPY TO | ☐ Mailed   ☐ Hand-Delivered  ☐ Plaintiff | **COURT**<br>**SEAL** |
|---|---|---|
| | ☐ Attorney  ☐ Process Server  ☐ Sheriff | |

**FILED BY:** The Law Offices of Jibrael S. Hindi

**ADDRESS:** 110 Tower, 110 SE 6th St #1744, Fort Lauderdale, FL 33301

**TELEPHONE:** (954) 907-1136

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**IMPORTANT – SEE REVERSE**

# IMPORTANT INSTRUCTIONS FOR SMALL CLAIMS HEARINGS
# DUE TO THE COVID – 19 PANDEMIC

## Downtown Courthouse

## YOUR HEARING WILL TAKE PLACE
## BY VIDEO OR PHONE BY USING ZOOM

## <u>DO NOT GO TO THE COURTHOUSE</u>

## YOU WILL NOT BE LET IN DUE TO COVID 19!
## LOOK AT THE DATE AND TIME ON YOUR SUMMONS TO KNOW
## WHEN TO LOG INTO ZOOM

<u>INSTRUCTIONS FOR YOUR VIRTUAL COURT APPEARANCE BY ZOOM</u>

1. **YOUR HEARING WILL TAKE PLACE ON THE DAY AND TIME THAT IS ON YOUR SUMMONS YOU RECEIVED WITH THESE INSTRUCTIONS BUT IT WILL TAKE PLACE BY ZOOM – NOT IN PERSON AT THE COURTHOUSE.**
   Zoom is <u>free</u> to all users. You can access Zoom using a computer, tablet, or smartphone. Alternatively, you may use a regular phone, which will allow you to appear by phone, but not by video.

   *Follow these Instructions:*

   1. **At the time of your hearing, log into Zoom as follows.**
      *To access the Virtual Courtroom using a computer, tablet, or smartphone:*
         1. Your computer, tablet, or smartphone must have a camera and microphone and it must be connected to the internet
         2. Open an internet browser and go to https://zoom.us/j/9146193014 to be taken directly to the Virtual Courtroom
            or
         3. Log In to your registered Zoom account and enter meeting ID 914 619 3014

      *To access the Virtual Courtroom using only a telephone:*
         1. Dial 1-786-635-1003
         2. When prompted, enter meeting ID 914 619 3014 and press #
         3. You do not need a participant ID

   The date and time on the summons is the same. The only change is how the hearing will be held.

## YOU MUST APPEAR IN THE VIRTUAL COURTROOM BY ZOOM, NOT AT THE COURTHOUSE
## AT THE TIME LISTED ON THE FIRST PAGE OF YOUR SUMMONS.

## FAILURE TO APPEAR ON ZOOM FOR YOUR SCHEDULED HEARING
## MAY RESULT IN A JUDGMENT BEING ISSUED AGAINST YOU.

See next page for further information

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Aliean Simpkins, L.E.T Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

Filing # 124248555 E-Filed 04/02/2021 01:24:55 PM

IN THE COUNTY COURT OF THE 11ᵗʰ JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

JUAN CARLOS DIAZ,

      **Plaintiff,**

                                        **Case No.:**

v.

RECEIVABLE MANAGEMENT GROUP, INC.,          **JURY TRIAL DEMANDED**

      **Defendant.**                           **INJUNCTIVE RELIEF SOUGHT**

_____/

## STATEMENT OF CLAIM

Plaintiff Juan Carlos Diaz ("Plaintiff") sues Defendant Receivable Management Group, Inc. ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"),

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over Plaintiff and Defendant (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2.     This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Miami-Dade County, Florida.

3.     The amount in controversy is greater than $500.00, but does not exceed $2,500.00, exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4.     Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Miami-Dade County Florida.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 1 7th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 90741 36 | Fax (855) 529-9540
www.JibraelLaw.com

## PARTIES

5.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

6.      Defendant is Georgia corporation, with its principal place of business located in Columbus, Georgia.

## DEMAND FOR JURY TRIAL

7.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

8.      On or about November 26, 2019, Plaintiff suffered an accident and related injuries in the course and scope of Plaintiff's employment that required medical treatment and/or services (the "Work-Injury").

9.      On or about November 26, 2019, Intellirad Imaging ("Intellirad") provided Plaintiff with a portion of the required medical services needed to treat the Work-Injury, whereby the only medical services provided to Plaintiff by Intellirad were for the treatment of the Work-Injury.

10.     At the time Intellirad provided its respective medical services to Plaintiff, Plaintiff informed Intellirad that the sought treatment was for the Work-Injury.

11.     Intellirad charged a fee for the provision of its (Intellirad's) respective medical services for treatment of the Work-Injury (the "Consumer Debt").

12.     The Consumer Debt arose from Plaintiff's work-related accident and injuries.

13.     Intellirad knew that payment of the Consumer Debt was the responsibility of Plaintiff's employer and/or the insurance carrier of Plaintiff's employer.

14.     Intellirad knew that payment of the Consumer Debt was not Plaintiff's responsibility.

PAGE | 2 of 7

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 1 7th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907 11 36 | Fax (855) 529-9540
www.JibraelLaw.com

15.     Intellirad knew that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff. Despite knowing this, however, Intellirad began attempting to collect the Consumer Debt from Plaintiff.

16.     Thereafter, and despite knowing that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff, Intellirad contacted Defendant to collect, or attempt to collect, the Consumer Debt from Plaintiff.

17.     On a date better known by Defendant, Defendant began attempting to collect the Consumer Debt from Plaintiff.

18.     Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

19.     Defendant is a business entity engaged in the business of collecting consumer debts.

20.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

21.     Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

22.     Defendant's "Consumer Collection Agency" license number is CCA9903879.

23.     Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

24.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

25.     For Defendant's "Consumer Collection Agency" license to remain valid, Defendant is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

PAGE | **3 of 7**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 9074136 | Fax (855) 529-9540
www.JibraelLaw.com

26.     Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that Defendant *shall* maintain: "[t]he debtor's account of activity disclosing... a record of payments made by the debtor, including the date received and the amount and balance owing."

27.     Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that Defendant *shall* maintain: "basic information about the debt including, at minimum... [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

28.     On a date better known to Defendant, Defendant sent a collection letter, internally dated May 27, 2020, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

29.     The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

30.     The Collection Letter represents an action to collect a debt by Defendant.

31.     Defendant, by way of the records which it (Defendant) is required to maintain to retain a valid Consumer Collection Agency license with the Florida Department of State, knew that the Consumer Debt arose from the treatment of the Work-Injury and otherwise knew that it (Defendant), as well as Intellirad, did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff.

## COUNT I.
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

32.     Plaintiff incorporates by reference paragraphs 1-31 of this Statement of Claim as though fully stated herein.

PAGE | 4 of 7

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 1 7th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

33.     Pursuant to Fla. Stat. § 440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of the recovery may require...."

34.     Pursuant to Fla. Stat. § 440.13(13)(a), "[a] health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employee or carrier for payment for services rendered in accordance with this chapter."

35.     An employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment. *See generally* Fla. Stat. § 440.13.

36.     Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation of the character, amount, or legal status of any debt*." 15 U.S.C. § 1692e(2)(A). (emphasis added).

37.     As stated above, Defendant mailed the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. The Collection Letter falsely represents that Plaintiff is responsible for the repayment of the Consumer Debt. Here, Plaintiff is not liable or otherwise responsible for the payment of the medical services rendered by Intellirad, as such medical services were rendered to Plaintiff as a result of a work-related injury sustained by Plaintiff.

38.     Defendant by and through the Collection Letter, falsely represents the character of the Consumer Debt, *in that*, the Collection Letter falsely represents Consumer Debt as a debt which Plaintiff is solely responsible and/or otherwise obligated to pay.

39.     Further, by and through the Collection Letter, Defendant *falsely* represents the amount of the Consumer Debt, *in that*, the $368.95 sought by the Collection Letter exceeds the amount which Intellirad is entitled pursuant to the fee schedules and/or guidelines for services rendered to injured workers such as Plaintiff.

40.     Thus, by and through the Collection Letter, Defendant violated § 1692e(2)(A) of the FDCPA by falsely representing the *character* of the Consumer Debt, as well as by falsely representing the *amount* of the Consumer Debt.

41.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a)     Statutory damages as provided by 15 U.S.C. §1692k;

(b)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

(c)     Any other relief that this Court deems appropriate under the circumstances.

DATED: April 2, 2021

Respectfully Submitted,

/s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:     tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136

**PAUL A. HERMAN, ESQ.**
Florida Bar No.: 405175
E-mail: paul@consumeradvocatelaw.com
CONSUMER ADVOCATES LAW GROUP, PLLC
4801 Linton Blvd., Suite 11A-560
Delray Beach, Florida 33445
Phone:     (561) 236-8851

**JOEL A. BROWN, ESQ.**
Florida Bar No.: 66575

E-mail: joel.brown@friedmanandbrown.com
FRIEDMAN & BROWN, LLC
3323 NW 55th Street
Fort Lauderdale, Florida 33309
Phone:       (954) 966-0111

*COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
11 0 SE 6th Street,1 7th Floor | Ft. Lauderdale, Florida 333 01 | Phone (954) 9074136 | Fax (855) 529-9540
www.JibraelLaw.com

EXHIBIT "A"

# Receivable Management Group, Inc.

2901 University Ave. #29 • Columbus, GA 31907
(706) 568-4093 • (844) 601-2486

May 27, 2020

. JUAN CARLOS DIAZ ARTEAGA
270 NW 63rd Ct
Miami FL 33126-4541

| | |
|---|---|
| Creditor: | INTELLIRAD IMAGING |
| Account #: | 9JCJWS |
| Amount Due: | $368.95 |

Dear . JUAN CARLOS DIAZ ARTEAGA,

Thank you for choosing INTELLIRAD IMAGING. On behalf of INTELLIRAD IMAGING we are contacting you regarding the past due balance noted above. We recently received a payment from your insurance company and the remaining balance listed above is the balance due by you after insurance has paid. If you would like to satisfy your balance or set up a payment arrangement please call (844) 601-2486 or (706) 568-4093. You may also log onto our secure website to complete your payment transaction at pay.rmgcollections.net.

For your convenience, we accept VISA, MASTERCARD, and DISCOVER. If you wish to charge this balance to your credit card, please complete the credit card form below and return to this office.

Your prompt attention to this matter is appreciated.

Sincerely,

Amanda Willis

This communication is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

---

Please See Reverse Side for Important Consumer Information 207-CMRMGP10-G01-04:13:17

*** Please detach the lower portion and return with your payment ***

Y25A030970

PO Box 6070
Columbus GA 31917-6070
RETURN SERVICE REQUESTED

May 27, 2020

N2002r0240r1587447833r28454170-1R1~Y25A030970 207

. JUAN CARLOS DIAZ ARTEAGA
270 NW 63rd Ct
Miami FL 33126-4541

IF YOU WISH TO PAY BY CREDIT CARD, CIRCLE ONE AND FILL IN THE INFORMATION BELOW

VISA    DISC   VER

| CARD NUMBER | | |
|---|---|---|
| | | EXP. DATE |
| CARD HOLDER NAME | | |
| SIGNATURE | | CVV |
| | AMOUNT PAID | |

| | |
|---|---|
| Creditor: | INTELLIRAD IMAGING |
| Account #: | 9JCJWS |
| Amount Due: | $368.95 |

Receivable Management Group, Inc.
PO Box 6070
Columbus GA 31917-6070

Filing # 124248555 E-Filed 04/02/2021 01:24:55 PM

## IN THE COUNTY COURT OF THE 11th JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.

JUAN CARLOS DIAZ,

        Plaintiff,

vs.

RECEIVABLE MANAGEMENT GROUP, INC.,

        Defendant.

_____/

### PLAINTIFF'S NOTICE OF
### SERVING INTERROGATORIES TO DEFENDANT

    Plaintiff JUAN CARLOS DIAZ, by and through undersigned counsel, and pursuant to Florida Rules of Civil Procedure 1.340, hereby propounds the attached interrogatories to Defendant RECEIVABLE MANAGEMENT GROUP, INC. Sworn answers to these Interrogatories must be furnished on or before the 30th day after the service of these Interrogatories.

### CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on April 2, 2021, the foregoing was electronically filed with the Clerk of the Court using the Florida Courts E-Filing Portal which will send a notice of electronic filing to all counsel of record.

Respectfully Submitted,

  /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301

*COUNSEL FOR PLAINTIFF*

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

**I.      DEFINITIONS**

(1)      "Action" shall mean the above captioned matter.

(2)      "Any," "All," and "each" shall be construed as any, all and each.

(3)      "And" shall mean and/or.

(4)      "Concern," "concerning," "refer," "referring," "relate, " "relating," "regard," or "regarding" shall all mean documents which explicitly or implicitly, in whole or in part, compare, were received in conjunction with, or were generated as a result of the subject matter of the request, including all documents which reflect, record, specify, memorialize, relate, describe, discuss, consider, concern, constitute, embody, evaluate, analyze, refer to, review, report on, comment on, impinge upon, or impact the subject matter of the request;

(5)      "Complaint" means the operative Statement of Claim filed in the above captioned action.

(6)      "Collection Letter" shall refer to Exhibit "A" attached to the Statement of Claim.

(7)      "Communication" or "sent" includes every manner or means of disclosure, transfer, or exchange of information, and/or attempt thereof, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, electronic mail, personal delivery, or otherwise, and/or attempt thereof.

(8)      "Defendant," "you," and "your" shall mean RECEIVABLE MANAGEMENT GROUP, INC., any of its directors, officers, sales, agents, managers, supervisors, general agents, agents (including attorneys, accountants, consultants, investment advisors or bankers), employees, representatives and any other persons purporting to act on their behalf. These defined terms include divisions, affiliates, subsidiaries, predecessor entities, acquired entities and/or related entities or any other entity acting or purporting to act on its behalf, including those who sought to communicate with Plaintiff during the relevant time-period whether by letter, e-mail, text message, or any other medium, regardless of whether successful or unsuccessful.

(9)      "Debt" shall refer to the obligation or purported obligation which Defendant sought to collect from Plaintiff in the Collection Letter.

(10)     "Document" means the original, and all non-identical copies (whether different from the original because of additional notations or otherwise), of all written, printed, typed, recorded, electronically or digitally stored, or graphic matter, however produced or reproduced, in the actual or constructive possession, custody, or control of plaintiff including, without limitation, all writings, drawings, graphs, charts, photographs, photographic records, sound reproduction tapes, data compilations (whether tangible or

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

intangible from which information can be obtained, discerned, or can be translated through detection devices into a reasonably usable tangible form), correspondence, memoranda, data, notes of conversations, diaries, papers, letters, e-mail communications, telegrams, messages of any kind, minutes of meetings, stenographic or hand-typed and written notes, appraisals, bids, account books, checks, invoices, ledgers, agreements, studies, estimates, reports, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, corporate records, accounts, contracts, leaflets, administrative or governmental reports or returns, exhibits, maps, surveys, sketches, microfilm, Xerox or any other tangible things which constitute or contain matters within the scope of the Florida Rules of Civil Procedure.

(11) "FCCPA" means the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.*

(12) "FDCPA" means the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*

(13) "Including" means: (a) including, but not limited to, or (b) including, without limitation. Any examples which follow these phrases are set forth to clarify the request, definition or instruction, not limited to the request, definition or instruction.

(14) "Identify" with respect to natural person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(15) "Or" shall mean and/or.

(16) "Payment" shall include all available methods of funds tender, including but not limited to: cash; money order, a negotiable instrument such as a check, note, or draft; an ACH debit; bank, wire, or electronic-funds transfer; and, credit-card payment.

(17) "Person" or "Persons" shall mean natural persons, proprietorships, joint ventures, partnerships, corporations, trust, groups, associations, organizations, governmental agencies and all other entities.

(18) "Plaintiff" or "Plaintiff's" shall mean JUAN CARLOS DIAZ.

(19) "Relevant time period," "relevant period" or "during the relevant period" refers to a finite length of time, the duration of which is uninterrupted, that begins three years prior to commencement of the above captioned action, and ends on April 2, 2021.

(20) The phrase "as defined by the FDCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under 15 U.S.C. § 1692a.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 9074136 | Fax (855) 529-9540
www.JibraelLaw.com

(21)   The phrase "as defined by the FCCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under Fla. Stat., § 559.55.

## II.   INSTRUCTIONS

Each of the following requests is continuing, and in the event that at any later date you obtain or discover any additional information responsive to any request, you shall submit the information promptly. If an objection is made to any interrogatories herein, all information covered by the interrogatory which is not subject to the objection should be provided.

Information which may be responsive to more than one interrogatory need not be repeated, however such information should be identified and the interrogatory it was previously responsive to referenced. All headings herein are included only for organization purposes and should not be construed as being part of any interrogatory, or as limiting any request in any manner.

If any information requested by these interrogatories is claimed to be privileged or any interrogatory is otherwise objected to, please provide the exact grounds upon which the objection is based and identify all persons who presently have access to or are aware of the information requested.

## III.   INTERROGATORIES

**Interrogatory No. 1.**   Describe, step-by-step, the process which resulted in the Collection Letter being transmitted to Plaintiff, beginning with the date and method of transmission of Plaintiff's information to Defendant, e.g., computer tapes or other media delivered (when, by whom, where and to whom); content of computer tape or media; data input (where and by whom); computer entry or other means of directing transmission letters (where and by whom entry made), letter with debtor information printed (from where and by whom); letter with debtor information mailed (from where and by whom), computer tapes or media returned (on what occasion, when, by whom and to whom).

**RESPONSE:**

**Interrogatory No. 2.**   Identify each of Defendant's practices, policies, and procedures that were in existence prior to sending Plaintiff the Collection Letter, whereby said practices, policies, and procedures were reasonably adapted to prevent Defendant from violating the FCCPA as alleged by Plaintiff.

**RESPONSE:**

**Interrogatory No. 3.**   Identify by date, name, and contact information, each individual and/or entity that Defendant contacted, or that contacted Defendant, regarding the payment of any bills, invoices, statements, receipts, or otherwise collection statements, for services rendered to Plaintiff in connection with the alleged work-place injury sustained by Plaintiff. For example, this request seeks, among other things, the date, name, and contact information, of each representative of the applicable workers' compensation insurance carrier that Defendant contacted, or that contacted Defendant, with respect to [1] the submission of bills pursuant to Florida's Department of Insurance and Department of Administrative Hearing requirements and/or [2] the corresponding standards for payment in accordance with the Florida Workers' Compensation fee schedule.

**RESPONSE:**

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## **VERIFICATION**

Under penalties of perjury, I, the undersigned affiant, declare that I have read the foregoing

Answers to Interrogatories, and that the Answers are true and correct.

_____

AFFIANT SIGNATURE

_____

PRINTED NAME OF AFFIANT

_____

CAPACITY / TITLE OF AFFIANT

**BEFORE ME**, the undersigned authority, personally appeared _____,

who produced as identification _____, bearing

number _____ expiring on _____ who

did take an oath, who stated that he/she is the person noted above, and that, according to his/her

best knowledge and belief, the forgoing answers are true and correct.

Sworn to and subscribed before me, this _____ day of _____, 202\_\_\_\_\_.

_____

SIGNATURE OF NOTARY

_____

PRINTED NAME OF NOTARY

SEAL OF NOTARY

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 1 7th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907 41 36 | Fax (855) 529-9540
www.JibraelLaw.com

Filing # 124248555 E-Filed 04/02/2021 01:24:55 PM

### IN THE COUNTY COURT OF THE 11th JUDICIAL CIRCUIT
### IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.

JUAN CARLOS DIAZ,

        Plaintiff,

vs.

RECEIVABLE MANAGEMENT GROUP, INC.,

        Defendant.

_____/

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

      Plaintiff JUAN CARLOS DIAZ, by and through undersigned counsel, and pursuant to Florida Rules of Civil Procedure 1.350, and requests Defendant RECEIVABLE MANAGEMENT GROUP, INC, to produce for inspection and copying within thirty (30) days from service the following documents by e-mail to tom@jibraellaw.com, or in the event delivery of Defendant's responses and the requested documents cannot be provided via e-mail, the same may be delivered to The Law Offices of Jibrael S. Hindi 110 SE 6th Street, Suite 1700, Fort Lauderdale, Florida 3330

## I.    DEFINITIONS

(1)    "Action" shall mean the above captioned matter.

(2)    "Any," "All," and "each" shall be construed as any, all and each.

(3)    "And" shall mean and/or.

(4)    "Concern," "concerning," "refer," "referring," "relate, " "relating," "regard," or "regarding" shall all mean documents which explicitly or implicitly, in whole or in part, compare, were received in conjunction with, or were generated as a result of the subject matter of the request, including all documents which reflect, record, specify, memorialize, relate, describe, discuss, consider, concern, constitute, embody, evaluate, analyze, refer to, review, report on, comment on, impinge upon, or impact the subject matter of the request;

(5)    "Complaint" means the operative Statement of Claim filed in the above captioned action.

(6)    "Collection Letter" shall refer to Exhibit "A" attached to the Statement of Claim.

(7)    "Communication" or "sent" includes every manner or means of disclosure, transfer, or exchange of information, and/or attempt thereof, and every disclosure, transfer or exchange

of information, whether orally or by document or whether face-to-face, by telephone, mail, electronic mail, personal delivery, or otherwise, and/or attempt thereof.

(8) "Defendant," "you," and "your" shall mean RECEIVABLE MANAGEMENT GROUP, INC., any of its directors, officers, sales, agents, managers, supervisors, general agents, agents (including attorneys, accountants, consultants, investment advisors or bankers), employees, representatives and any other persons purporting to act on their behalf. These defined terms include divisions, affiliates, subsidiaries, predecessor entities, acquired entities and/or related entities or any other entity acting or purporting to act on its behalf, including those who sought to communicate with Plaintiff during the relevant time-period whether by letter, e-mail, text message, or any other medium, regardless of whether successful or unsuccessful.

(9) "Debt" shall refer to the obligation or purported obligation which Defendant sought to collect from Plaintiff in the Collection Letter.

(10) "Document" means the original, and all non-identical copies (whether different from the original because of additional notations or otherwise), of all written, printed, typed, recorded, electronically or digitally stored, or graphic matter, however produced or reproduced, in the actual or constructive possession, custody, or control of plaintiff including, without limitation, all writings, drawings, graphs, charts, photographs, photographic records, sound reproduction tapes, data compilations (whether tangible or intangible from which information can be obtained, discerned, or can be translated through detection devices into a reasonably usable tangible form), correspondence, memoranda, data, notes of conversations, diaries, papers, letters, e-mail communications, telegrams, messages of any kind, minutes of meetings, stenographic or hand-typed and written notes, appraisals, bids, account books, checks, invoices, ledgers, agreements, studies, estimates, reports, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, corporate records, accounts, contracts, leaflets, administrative or governmental reports or returns, exhibits, maps, surveys, sketches, microfilm, Xerox or any other tangible things which constitute or contain matters within the scope of the Florida Rules of Civil Procedure.

(11) "FCCPA" means the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*.

(12) "FDCPA" means the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*.

(13) "Including" means: (a) including, but not limited to, or (b) including, without limitation. Any examples which follow these phrases are set forth to clarify the request, definition or instruction, not limited to the request, definition or instruction.

(14) "Identify" with respect to natural person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been

PAGE | 2 of 6

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 9074136 | Fax (855) 529-9540
www.JibraelLaw.com

identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(15) "Or" shall mean and/or.

(16) "Payment" shall include all available methods of funds tender, including but not limited to: cash; money order, a negotiable instrument such as a check, note, or draft; an ACH debit; bank, wire, or electronic-funds transfer; and, credit-card payment.

(17) "Person" or "Persons" shall mean natural persons, proprietorships, joint ventures, partnerships, corporations, trust, groups, associations, organizations, governmental agencies and all other entities.

(18) "Plaintiff" or "Plaintiff's" shall mean JUAN CARLOS DIAZ.

(19) "Relevant time period," "relevant period" or "during the relevant period" refers to a finite length of time, the duration of which is uninterrupted, that begins three years prior to commencement of the above captioned action, and ends on April 2, 2021.

(20) The phrase "as defined by the FDCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under 15 U.S.C. § 1692a.

(21) The phrase "as defined by the FCCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under Fla. Stat., § 559.55.

## II.    INSTRUCTIONS

Each of the following requests is continuing, and in the event that at any later date you obtain or discover any additional document responsive to any request, you shall submit such document promptly. If an objection is made to any request herein, all documents covered by the request not subject to the objection should be produced.  Similarly, if an objection is made to production of a document, the portion(s) of that document not subject to objection should be produced with the portion(s) objected to deleted and indicated clearly.

Each document is to be produced in its entirety even if only a portion of the document is related to the identified subject matter and without abbreviation, editing, or expurgation and including all appendices, tables, or other attachments. If an appendix, table, or other attachment is not presented

PAGE | 3 of 6

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

with the original but is attached to a copy thereof or is otherwise available, it should be submitted and clearly marked to indicate the document to which it corresponds. With the exception of privileged material, no document or portion thereof should be masked or deleted in any manner. To the extent possible, documents should be produced in the same order and arrangement as in the file form which they are taken.

Unless otherwise requested, in lieu of producing original documents, you may produce photocopies, provided that you shall retain the original documents and produce them to the Plaintiff upon request. Further, copies of original documents may be submitted in lieu of originals only if they are true, correct, and complete copies of the original documents, and their submission constitutes a waiver of any claim as to the authenticity of the copy should it be necessary to introduce such copy into evidence in any legal proceeding. Please provide color copies of any document originally produced in color or containing type, writing, or other marks in any color other than black.

In the event such file(s) or documents(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each sub-file, if any, maintained within the file, and the present location of the file. If you choose to withhold from production for inspection and copying on the ground of privilege or the like, it is requested that you provide the following information:  date, type of document, author, addressee or recipient, present location, custodian, number of pages, general description, privilege claimed, and any other pertinent information.

## III.    PRODUCTION REQUESTS

The following documents are requested to be produced. <u>Please contact undersigned counsel, or have your attorney contact undersigned counsel if you are represented by an attorney, if you are uncertain as to the meaning of a term is or if you need additional information to understand a request.</u>

PAGE | 4 of 6

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
11 0 SE 6th Street, 1 7th Floor | Ft. Lauderdale, Florida 3330l  |  Phone (954) 90741 36 | Fax (855) 529-9540
www.JibraelLaw.com

(1)    Copies of the documents that Defendant sent to Plaintiff during the three (3) years prior to the commencement of the above-captioned action.

(2)    Copies of the documents utilized or referenced by Defendant to create or draft the Collection Letter.

(3)    Copies of the documents, including manuals, instructions and guidelines, setting forth the policies and procedures of debt collection employed by Defendant during the two (2) years prior to the commencement of the above-captioned action.

(4)    A complete copy of any insurance policies covering Defendant for violations of the FDCPA or FCCPA during the relevant period.

(5)    A copy of the template or form used to create the Collection Letter.

(6)    A copy of Defendant's tax returns for the years 2016, 2017, 2018, and 2019.

(7)    A copy of Defendant's financial statements for the years 2016, 2017, 2018, and 2019.

(8)    A copy of Defendant's balance sheets for the years 2016, 2017, 2018, and 2019.

(9)    All documents relied or referenced by Defendant in responding to the Interrogatories propounded on Defendant in the above-captioned action.

(10)    Copies of all reports and documents utilized by an expert which Defendant proposes to call at trial.

(11)    All exhibits which Defendant proposes to introduce at trial.

DATED: April 2, 2021

Respectfully Submitted,

_/s/ Thomas J. Patti_
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:    855-529-9540

*COUNSEL FOR PLAINTIFF*

PAGE | **5** of **6**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
11 0 SE 6th Street, 1 7th Floor | Ft. Lauderdale, Florida 3330. |  Phone (954) 9071136 | Fax (855) 529-9540
www.JibraelLaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 2, 2021, I electronically filed the foregoing document

with the Clerk of the Court using the Florida Courts E-Filing Portal. I also certify that the foregoing

document is being served on opposing counsel via e-mail.

                                                 /s/ Thomas J. Patti

                                                **THOMAS J. PATTI, ESQ.**

                                                Florida Bar No.: 118377

PAGE | **6** of **6**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com